UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:25-CV-00583-MEO

KOY LYNN CHIU,                            )
                                          )
            Plaintiff,                    )
                                          )
      v.                                  )        MEMORANDUM & ORDER
                                          )
GLOBAL REALTY INVESTOR TRUST  )
MGMT, ET AL.,                             )
                                          )
            Defendants.                   )
                                          )

THIS MATTER is before the Court on Defendants' Motions to Dismiss (Doc.

Nos. 18, 24, 28, 32, 33, 45, 54, 66, 71), as well as Plaintiff's Motion for Temporary

Restraining Order and for Emergency Relief, Amended Motion for Temporary

Restraining Order, Motion to Cure Service Defect, and Motion for Leave to Amend

Caption (Doc. Nos. 60, 76, 74, 80). For the reasons explained below, the Court will

grant Defendants' motions, dismiss Plaintiff's complaint, and deny as moot Plaintiff's

outstanding motions.

## I.    BACKGROUND

This matter arises out of a property foreclosure proceeding in the North

Carolina Superior Court for Mecklenburg County. *See* (Doc. Nos. 1 at 9; 1-1 at 9). On

August 4, 2025, Plaintiff filed this action in an attempt to restore her rights in the

property located at 12937 Silvaire Farm Road. (Doc. No. 1 at 9; 1-1 at 2–3). Plaintiff

asserts claims under the Fair Debt Collection Practices Act ("FDCPA"), the Real

Estate Settlement Procedures Act ("RESPA"), the Truth in Lending Act ("TILA"),

42 U.S.C. § 1983, and "North Carolina Law."[1] (Doc. No. 1 at 7, 9). She asks this Court to rescind the foreclosure sale and restore title in Plaintiff's name. (Doc. No. 1 at 9). Numerous Defendants filed motions to dismiss. (Doc. Nos. 18, 24, 28, 32, 33, 45, 54, 66, 71).

On November 26, 2025, Plaintiff filed an Emergency Motion for Temporary Restraining Order and for Emergency Injunctive Relief. (Doc. No. 60). She requested the Court to enjoin a foreclosure sale scheduled for December 4, 2025, on a different property—one located at 15007 Autumn Sage Drive. (Doc. No. 60 at 1). Nearly two months later, she filed an Amended Motion for Temporary Restraining Order and Emergency Relief to prevent a "wrongful foreclosure." (Doc. No. 76 at 1).[2]

## II. DISCUSSION

"Federal courts are courts of limited jurisdiction and generally can resolve only the cases that Congress grants them power to hear." *T. M. v. Univ. of Md. Med. Sys. Corp.*, No. 25-197, 2026 WL 1751823, at *5 (U.S. June 18, 2026) (quoting *Hain Celestial Grp., Inc. v. Palmquist*, 607 U.S. 421, 424 (2026)). "Congress in 28 U.S.C. § 1331 granted federal district courts 'original jurisdiction of all civil actions' raising federal questions. District courts generally lack 'any power to review directly cases from state courts.'" *T. M.*, 2026 WL 1751823, at *5 (quoting *Atl. Coast Line R.R. Co. v. Locomotive Eng'rs*, 398 U.S. 281, 286 (1970)). "Under what has become known as

---

[1] Plaintiff does not specify under which North Carolina law she brings a claim.

[2] Plaintiff did not specify the address of the property in her amended motion, but she wrote the "request is not duplicative of the original lawsuit but is a standalone emergency matter." (Doc. No. 76 at 2).

2

the *Rooker-Feldman* doctrine, federal district courts lack jurisdiction over 'cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments.'" *T. M.*, 2026 WL 1751823, at *3 (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005)).

The *Rooker-Feldman* doctrine bars claims by borrowers who challenge state foreclosure judgments in federal court. *See Smalley*, 526 F. App'x 231, 236 (4th Cir. 2013) (concluding that *Rooker-Feldman* barred the federal district court from hearing borrower's claim challenging a state foreclosure proceeding when the court would have to review and overturn the state court's determinations to grant the relief requested); *see also Myers v. Mr. Cooper Mortg., LLC*, No. 3:18-cv-00283-MOC, 2018 U.S. Dist. LEXIS 114380, at *4 (W.D.N.C. July 10, 2018) ("Courts have consistently applied the *Rooker-Feldman* doctrine to dismiss claims requesting federal district court review of a state court's foreclosure proceedings."); *Baxter v. Brock & Scott PLLC*, No. 3:14-CV-165-FDW, 2014 WL 2861800, at *2–3 (W.D.N.C. June 24, 2014) ("Under the Rooker-Feldman doctrine, federal courts lack subject matter jurisdiction to sit in appellate review of judicial determinations made in state courts.") (applying *Rooker-Feldman* doctrine to claims brought under RESPA, TILA, and FDCPA). And under North Carolina law, an Order Permitting Foreclosure is a final "judicial act" that may be appealed to the appropriate state court within ten days of its entry. N.C. Gen. Stat. § 45-21.16(d1); *see Wiggins v. Planet Home Lending, LLC*, No. 5:14-CV-862-D, 2015 WL 3952332, at *3 (E.D.N.C. June 29,

3

2015) (citing cases) ("Any issue that the clerk decides in a foreclosure proceeding pursuant to N.C. Gen. Stat. § 45-21.16(d[1]) is conclusive unless appealed and reversed and cannot be relitigated in a subsequent lawsuit.").

Here, Plaintiff received an adverse judgment relating to a foreclosure in state court and has turned to this Court seeking review and rejection of the state court judgment. This is impermissible. *T. M.*, 2026 WL 1751823, at *4. The Mecklenburg County Superior Court issued its Order Permitting Foreclosure and Dismissing Appeal, which allowed a foreclosure sale of Plaintiff's property. (Doc. No. 29-1).[3] It is therefore apparent that the Court lacks jurisdiction to grant the relief Plaintiff seeks, because doing so would effectively invalidate a final order issued in a state court foreclosure proceeding. Because the Court lacks subject-matter jurisdiction over this case, it may not consider the merits of the pending motions.

The loss of one's home is an extraordinarily difficult and deeply personal hardship. The Court recognizes the profound impact of such a loss and extends its sincere empathy to Plaintiff during this challenging time. However, this Court is not the right forum for Plaintiff's allegations. To the extent Plaintiff has valid claims related to the disputed foreclosure, those claims belong in the North Carolina state courts. Accordingly, Defendants' motions to dismiss are granted, Plaintiff's motions

---

[3] The Court may take judicial notice of official court documents and does so here. *Philips v. Pitt Cnty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009) ("In reviewing a Rule 12(b)(6) dismissal, [the Court] may properly take judicial notice of matters of public record" and "consider documents attached to the complaint, *see* Fed. R. Civ. P. 10(c), as well as those attached to the motion to dismiss, so long as they are integral to the complaint and authentic.").

4

are denied as moot, and this action is dismissed in its entirety.

## III.  CONCLUSION

**IT IS, THEREFORE, ORDERED** that:

1. Defendants' Motions to Dismiss (Doc. Nos. 18, 24, 28, 32, 33, 45, 54, 66, 71)

   are **GRANTED**, and Plaintiff's Complaint is **DISMISSED**;

2. Plaintiff's Motions (Doc. Nos. 60, 74, 76, 80) are **DENIED AS MOOT**; and

3. The Clerk is directed to close this case.

**SO ORDERED.**

Signed: June 25, 2026

Matthew E. Orso
United States District Judge

5